No. 21,110.

Gerald David Guerin *v.* Hon. Robert P. Fullerton,
Judge of the District Court, City and
County of Denver.
(389 P. [2d] 84)

Decided February 3, 1964.

Petitioner, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, for respondent.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

ON May 20, 1963, the petitioner Guerin was sentenced to the Colorado State Penitentiary for a term of not less than 5 years nor more than 10 years with time spent at the county jail from February 5, 1963, to May 20, 1963, to be credited on the sentence.

Some three months thereafter, the respondent judge was advised by the parole board that it would give no credit for jail time spent prior to the sentence date. Thereupon, *sua sponte* and without notice, the respondent judge struck from the original sentence the words "time spent in the county jail from February 5, 1963, to present date be credited on the sentence."

Guerin contends that the action of the trial court resulted in an increase in his sentence after he had begun to serve the term imposed upon him and that the court was without authority to effect such an increase. We agree.

The original sentence imposed by the trial judge is not in model form, but an elementary understanding of the English language is all that is necessary to determine that the intent of the judge when sentencing Guerin was to provide that he should serve a minimum term of 5 years less 3 months and 15 days. So long as the credit for jail time pronounced by the judge does not reduce the minimum sentence below that prescribed by statute, it makes no practical difference to the legality of the sentence whether the judge himself subtracts the credit for jail time which he wishes to give and pronounces the remainder as the minimum sentence or

144

leaves the subtraction process to the custodian of the prisoner.

■ Under our statutes it is the sentencing judge who is empowered to set the minimum sentence and the parole board has no authority to ignore or refuse to carry out the plain meaning of a sentence legally imposed by the sentencing judge as the parole board attempted to do here.

■ Nor did the sentencing judge have the authority under the circumstances of this case to change the sentence he had imposed upon the petitioner after the petitioner had commenced serving his sentence. *Righi v. People,* 145 Colo. 457, 359 P. (2d) 656. Such authority is present only when the sentence is erroneous or void, Rule 35 (a), Colo. R.C.P., and here the original sentence imposed was legal.

■ The action of the sentencing judge in changing the original sentence without notice to the petitioner and without opportunity for a hearing was also improper. While Rule 35 (a), Colo. R.C.P., permits a judge to correct a sentence of his own motion, where proper grounds exist, it does not permit him to do so without notice to the prisoner and an opportunity afforded for a hearing.

The writ is made permanent and the respondent is ordered to vacate and set aside the order of August 27, 1963, amending the original sentence imposed in Criminal Action No. 50896 in the District Court in and for the City and County of Denver.

MR. JUSTICE DAY not participating.