STATE OF WEST VIRGINIA

*v.*

GARY COLEMAN

(No. 14439)

Decided July 14, 1981.

*Brown H. Payne* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Thomas N. Trent,* Assistant Attorney General, for defendant in error.

NEELY, JUSTICE:

The appellant, Gary Coleman, was convicted in the Circuit Court of Wyoming County of breaking and entering and was sentenced to an indeterminate term of one to ten years imprisonment. The crime occurred on 25 October 1977, and the appellant was arrested a few days later. His trial took place in November 1978.

The appellant contends that his conviction should be reversed because he had entered into a plea bargain by which the prosecutor would drop criminal charges if the appellant entered the military. The appellant did join the Army in early 1978 but was given a general discharge a few months after he enlisted. Upon returning home from the Army and finding himself being prosecuted for charges he thought had been dropped, the appellant petitioned this Court in May 1978 for a writ of mandamus against the prosecutor to enforce the plea bargain. We refused to grant a rule to show cause because we felt that the facts of the alleged plea bargain could be better developed at the circuit court level. Appellant then presented a similar mandamus petition to the circuit court. However, the circuit court held that since our refusal to grant the petition was with prejudice, he could not consider the petition. Moreover, at the subsequent trial, the circuit court refused to hear testimony about the validity of the plea bargain because he thought our refusal to grant a rule in mandamus was *res judicata* as to that issue.

This appeal squarely presents the question of whether a denial with prejudice of a mandamus petition by this Court

constitutes *res judicata* as to the facts of the petition in a subsequent trial in circuit court. We hold today that it does not; therefore, we reverse the circuit court and remand for a hearing on the plea bargain question.

Under *W. Va. Const.*, art. VIII, §§ 3, 4 this Court and all circuit courts of the State have concurrent original jurisdiction in mandamus. In May 1978, when appellant presented his mandamus petition before this Court, the procedures for invoking extraordinary relief were contained in the now superseded *Rules of Practice in the Supreme Court of Appeals*. Under old Rule XVIII, as construed in *State ex rel. Blankenship v. McHugh*, 158 W.Va. 986, 217 S.E.2d 49 (1975), an order of this Court refusing to issue a rule in mandamus was an order with prejudice to the presentation of a similar petition to a circuit court unless our order expressly noted that it was without prejudice. Hence the circuit court was correct in refusing to hear the appellant's mandamus petition.

We note that under Rule 14(b) of the new *West Virginia Rules of Appellate Procedure* our order, made with no notation as to prejudice, would have been without prejudice and the circuit court would have had authority to consider the second mandamus petition. Rule 14(b) clearly states that, should this Court not grant a rule to show cause against a respondent, "such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction, unless the Court specifically notes in the order denying a rule to show cause, that the denial is with prejudice." These rules became effective on 1 January 1980. Therefore we conclude that *Blankenship*, decided as it was on the basis of old Rule XVIII, has become a nullity in determining whether an order of this Court refusing a mandamus petition is with prejudice to the presentation of a similar petition to a circuit court.

While the trial court was correct under the old Rules in refusing to consider the second mandamus petition, he erred in refusing to hear testimony on the existence of the plea bargain at trial. *Blankenship* is still good law in its assertion that a refusal with prejudice to issue a rule in

mandamus "does not mean that we have fully considered the merits of the case as we would in a fully developed hearing so as to make applicable the doctrine of *res judicata.*" *Id.* at 55. When we refused the appellant's mandamus petition in 1978 we had no intention of foreclosing further inquiry into the facts of the plea bargain. To the contrary, we believed that the circuit court was the proper forum for an accurate and efficient determination of the facts. Since this Court has held that plea bargains may be specifically enforced in some instances, *Brooks v. Narick,* 161 W.Va. 415, 243 S.E.2d 841 (1978), we find that this appellant had a right to at least present evidence about the existence of a valid plea bargain. To deny him the opportunity to do so was reversible error.

However, we are remanding this case for a hearing on the validity of the plea bargain only. If the circuit court finds that there was no valid plea bargain, then the conviction shall stand; alternatively, if the court finds that there was a valid plea bargain, then the conviction shall be reversed with no second trial. This remand for a hearing on a limited question is similar to the order fashioned by this Court in *State v. Brewster,* 164 W.Va. 173, 261 S.E.2d 77 (1979) in which that appellant objected to having been tried while wearing physical restraints. Rather than reversing his conviction and granting a new trial, this Court remanded the case for a threshold hearing on whether there had been sufficient facts to require the physical restraints during the trial. If restraining the appellant had been warranted, the conviction was to be reentered; if not, the appellant was to be accorded a new trial. *Accord, State v. Clawson,* 165 W.Va. 588, 270 S.E.2d 659 (1980); *State v. Lawson,* 165 W.Va. 119, 267 S.E.2d 438 (1980).

Accordingly, for the reasons set forth above, the judgment of the Circuit Court of Wyoming County is reversed and this case is remanded for a hearing on the validity of the plea bargain.

*Reversed and remanded.*