350 S.E.2d 9

**Laura M. KNOTTS, Executrix of the Estate of Darrell D. Knotts, Deceased**

v.

**Garland H. MOORE, Jr., et al., Snyder Enterprises, Inc., A W. Va. Corp.**

**No. 16747.**

Supreme Court of Appeals of West Virginia.

Oct. 29, 1986.

---

James B. Crawford, Charles Town, for appellant.

Peter L. Chakmakian, Charles Town, for Snyder Enterprises.

Michael D. Thompson, Pros. Atty., Charles Town, for County Com'n.

MILLER, Chief Justice:

This is an appeal from a final order of the Circuit Court of Jefferson County. On September 28, 1984, the circuit court dismissed the appellant's appeal of a decision rendered by the Jefferson County Commission based solely on the fact that this Court had earlier denied the appellant's petition for a writ of prohibition in this same case. This matter was before us previously in *Knotts v. Snyder Enterprises, Inc.*, 170 W.Va. 727, 296 S.E.2d 849 (1982) (per curiam), where we remanded the case to the circuit court with directions that the circuit court enter a mandatory injunction prohibiting the obstruction of a street called Ruby Street and requiring the removal of the existing obstruction on that street.

Subsequently, on the remand, the Jefferson County Commission entered an order closing Ruby Street in the area where the obstruction was present on the ground that it would serve the best interests of all the parties involved. This action was taken on the basis of a request by Snyder Enterprises, Inc, the original developer of the property, which contended that an alternative right of way had been provided by it around the obstruction.

After the Commission's order was entered, the appellant sought to obtain an original prohibition in this Court which we declined to grant without prejudice in an order dated March 2, 1983. Thereafter, the appellant appealed the matter to the circuit court, which concluded that our denial of the petition for a writ of prohibition constituted an adverse decision on the merits, thereby rendering the appeal moot.

In *State v. Coleman*, 167 W.Va. 536, 281 S.E.2d 489 (1981), we pointed out that Rule 14(b) of the West Virginia Rules of Appellate Procedure,[1] which became effective on January 1, 1980, had significantly altered the rule we formerly followed in original jurisdiction cases. *See State ex rel. Blankenship v. McHugh*, 158 W.Va. 986, 217 S.E.2d 49 (1975) (former rule applied). Under the present Rule 14(b), if this Court fails to accept an original jurisdiction petition, this does not foreclose the

---

[1] Rule 14 of the West Virginia Rules of Appellate Procedure provides generally for the procedures surrounding original jurisdiction cases, i.e., mandamus, prohibition, habeas corpus, or certiorari. The relevant portion of Rule 14(b) is: "If the Court determines not to grant a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction, unless the Court specifically notes in the order denying a rule to show cause, that the denial is with prejudice."

petitioner from seeking a similar petition in a circuit court having jurisdiction unless we have stated in our order refusing to accept the petition that the denial is with prejudice.

 As the single Syllabus of *Coleman* explains, a refusal with prejudice to accept an original writ in this Court does not constitute *res judicata* as to the subject matter of the original petition at a subsequent trial:

> "A refusal with prejudice to issue a rule in mandamus by the Supreme Court of Appeals precludes the consideration of an essentially identical petition by a circuit court; however, such a refusal does not constitute *res judicata* as to the subject matter of the mandamus petition at a subsequent trial."[2]

The reason for the nonapplication of the principle of *res judicata,* as we explained in *Coleman,* quoting from *Blankenship,* is "that a refusal with prejudice to issue a rule in mandamus 'does not mean that we have fully considered the merits of the case as we would in a fully developed hearing so as to make applicable the doctrine of *res judicata.'* " 167 W.Va. at 538–539, 281 S.E.2d at 490.

 The point that bears emphasizing is that a denial of the application for an original writ in this Court is not to be construed as having some *res judicata* effect simply because there has been no adjudication of the underlying merits of the case in this Court. This rule is similar to the rule in most jurisdictions which hold that a denial of a petition by an appellate court is not a decision on the merits. *Ex Parte McDaniel,* 418 So.2d 934 (Ala.1982); *People v. Vance,* 76 Ill.2d 171, 28 Ill.Dec. 508, 390 N.E.2d 867 (1979); *Livingston County Farm Supply, Inc. v. Spencer,* 593 S.W.2d 76 (Ky.1979); *Coco v. Winston Industries, Inc.,* 341 So.2d 332 (La.1976); *Matter of Calandra v. Rothwax,* 65 N.Y.2d 897, 482 N.E.2d 1220, 493 N.Y.S.2d 304 (1985); *Mountain States Telephone & Telegraph*

---

**2.** It should be noted that *Coleman* was decided under former Rule XVIII of the Rules of Practice in the Supreme Court of Appeals with re-

*Co. v. Atkin, Wright & Miles, Chartered,* 681 P.2d 1258 (Utah 1984).

Accordingly, for the reasons set forth herein, the judgment of the Circuit Court of Jefferson County is reversed and this case is remanded for a hearing on the merits of the appellant's appeal of the decision made by the Jefferson County Commission.

Reversed, and Remanded.

---

gard to the right to refile the case in the circuit court.