IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

_____

No. 17-0276

_____

January 2018 Term

**FILED**
**April 27, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Respondent,

v.

DONALD P. COOKMAN,
Petitioner.

_____

Appeal from the Circuit Court of Hampshire County
The Honorable Christopher C. Wilkes, Judge
Civil Action No. 09-F-38

REVERSED AND REMANDED

_____

Submitted: February 6, 2018
Filed: April 27, 2018

Jennifer K. Mason, Esq.                     Patrick Morrisey, Esq.
Dinsmore & Shohl LLP                       Attorney General
Lewisburg, West Virginia                   Zachary A. Viglianco, Esq.
                                           Assistant Attorney General
Donald H. Cookman, Esq.                    Gordon L. Mowen, II, Esq.
Romney, West Virginia                      Assistant Attorney General,
Counsel for Petitioner                     Charleston, West Virginia
                                           Counsel for the State

CHIEF JUSTICE WORKMAN delivered the Opinion of the Court.
JUSTICE LOUGHRY dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." SyI. Pt. 1, *Chrystal R.M v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

2. "When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

3. Pursuant to West Virginia Code § 62-12-11 (2014), a sentencing court exceeds its authority by imposing a sentence of probation beyond the statutory limitation, rendering such sentence void. A defendant's consent to such sentence does not constitute waiver of the statutory time limitations.

Workman, Chief Justice:

Donald P. Cookman (hereinafter "the Petitioner") appeals an order of the Circuit Court of Hampshire County imposing a five-year term of probation upon him. He contends that the circuit court violated the requirements of West Virginia Code § 62-12-11 (2014) by ordering a probationary period that exceeded the statutory limit of five years and also erred in revoking the Petitioner's prior period of probation without thoroughly evaluating the Petitioner's ability to pay the required restitution.

Based upon this Court's review of the briefs, appendix record, arguments of counsel, and pertinent authority, we reverse the decision of the circuit court and remand for further proceedings consistent with this opinion.

I. Factual and Procedural History

In February 2009, the Petitioner was charged with four counts of embezzlement and four counts of forgery. The Petitioner, while employed as an attorney, had allegedly stolen nearly $300,000.00 from three different clients. On July 6, 2009, the parties reached a plea agreement through which the Petitioner agreed to plead guilty to two counts of embezzlement, and the State agreed to dismiss the remaining six counts. Upon acceptance of the plea, the circuit court agreed to hold the plea in abeyance and place the Petitioner in

1

a diversionary drug program. Upon completion of that program, the Petitioner was permitted to withdraw his original plea and plead guilty to two counts of petit larceny. He also agreed to pay an initial $75,000.00 in partial restitution and subsequently "make full restitution based upon a requirement that he pay twenty percent (20%) of his gross earnings on the unpaid balance due to the victims." He was thereafter sentenced to two consecutive one-year sentences on the two counts of petit larceny. The circuit court suspended the sentences and placed the Petitioner on probation for five years. The effective starting date of that probationary period was March 24, 2011.

On February 10, 2016, approximately one month before the Petitioner's five-year probationary period was set to expire, the State filed a motion to revoke probation. It contended that the Petitioner had failed to make restitution payments totaling twenty percent of his gross income, as required, leaving an outstanding restitution balance of over $118,000.00.

During a March 10, 2016, revocation hearing, the Petitioner admitted to the violation and wrote a check for $53,748.40. The circuit court revoked his probation by order dated March 16, 2016, approximately eight days before the Petitioner's five-year probationary period was set to expire. The circuit court imposed one of the original sentences – one year of incarceration for his conviction of petit larceny. The circuit court

2

dismissed the other count of petit larceny. The Petitioner moved for a reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure,[1] requesting that the circuit court grant him an alternative sentence in the form of probation in lieu of incarceration. Granting that motion, the circuit court imposed a second five-year probationary period upon the Petitioner, requiring full restitution prior to the expiration of that period.

On November 14, 2016, the State filed a second motion to revoke probation, based upon the Petitioner's alleged violations of probation, including the consumption of alcohol, harassment, domestic battery, and obstructing law enforcement. Prior to a hearing on that motion to revoke, the Petitioner filed a writ of prohibition before this Court, alleging that the circuit court had violated West Virginia Code § 62-12-11 by extending his probation

---

[1]Rule 35 (b) of the West Virginia Rules of Criminal Procedure provides a mechanism for requesting a reduction in sentence, as follows:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

W. Va. R. Crim. P. 35

3

beyond the original five-year period, despite the Petitioner's request for probation rather than imprisonment. This statute provides, in relevant part, that "[t]he period of probation together with any extension thereof shall not exceed five years."[2] The petition was refused by this Court by order dated January 25, 2017.[3]

Proceedings in the circuit court thereafter resumed, and the Petitioner argued that the circuit court lacked authority to impose an additional five-year probationary period in March 2016 due to the limiting language of West Virginia Code § 62-12-11. Furthermore, the Petitioner argued that his original probation should not have been revoked because the State failed to prove that he was able to pay restitution without undue hardship and/or that his failure to pay restitution was contumacious.

By order dated March 21, 2017, the circuit court revoked the Petitioner's second five-year probationary period based upon his consumption of alcohol, harassment, domestic battery, and obstructing law enforcement. The circuit court ordered the Petitioner to serve thirty days in jail for the probation violation and required that he remain on probation

---

[2]West Virginia Code § 62-12-11 was amended in 2017 to permit a maximum probationary period of seven years. At all times relevant to these proceedings, however, the maximum period was five years.

[3]The denial of the writ of prohibition in this Court does not have a res judicata effect upon the proceedings currently being appealed. In denying such a writ, there is no adjudication of the underlying merits by this Court. *See Knotts v. Moore*, 177 W. Va. 9, 11, 350 S.E.2d 9, 11 (1986).

for the remainder of the second five-year probationary period after serving that thirty-day jail sentence.

The Petitioner now appeals to this Court, advancing the same arguments he asserted in circuit court. He contends that imposition of the additional five-year probationary period in March 2016 violated West Virginia Code § 62-12-11 regarding the statutory time limits for probation and that his probation was improperly revoked based upon the absence of evidence that his failure to pay restitution was willfully disobedient and that he was capable of paying restitution without undue hardship.

## II. Standard of Review

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). In syllabus point one of *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997), this Court also explained:

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Utilizing those standards as guidance, we review the issues presented in this case.

## III.  Discussion

The Petitioner's first assignment of error addresses the imposition of the additional five-year probationary period and the alleged violation of West Virginia Code § 62-12-11 regarding the statutory time limits for probation.  West Virginia Code § 62-12-11 provides guidance for the imposition of a term of probation:

> The period of probation together with any extension thereof shall not exceed five years.  Upon the termination of the probation period, the probation officer shall report to the court the conduct of the probationer during the period of his probation, and the court may thereupon discharge the probationer or extend the probation period.  Whenever before the end of the probation period the probationer has satisfactorily complied with all the conditions of his probation and it appears to the court that it is no longer necessary to continue his supervision, the court may discharge him.  All orders extending the probation period and all orders of discharge shall be entered in the records of the court, and a copy of all such orders shall be sent by the clerk of the court to the board within five days after the making of the order.

The statute is abundantly clear that the period of probation to be imposed upon an individual, including any extensions thereof, must not exceed five years.  *See e.g., Jett v. Leverette,* 162 W.Va. 140, 144, 247 S.E.2d 469, 471 (1978) ("Moreover, under our probation statute a maximum term of five years is set as the outer limit for probation time."); *State v. Reel,* 152 W.Va. 646, 165 S.E.2d 813 (1969) (finding absence of jurisdiction after five years had expired from date defendant placed on probation).

The State asserts two primary grounds in support of the circuit court's probation order in this case. First, the State contends that the Petitioner *agreed* to the second five-year probationary period and is now precluded from asserting error in its imposition upon him.[4] Second, the State contends that West Virginia Code § 62-12-11 does not prohibit the imposition of the second probationary period because it is not technically an "extension" of the first probationary period and is instead an independent sentence.

We find no merit in these two arguments asserted by the State. It is of little consequence that the Petitioner consented to a second five-year probationary period where the circuit court lacked authority to extend probation past the maximum five-year limit enunciated by statute. West Virginia has not evaluated the manner in which an individual's consent could constitute a waiver of the statutory time limitations.

In other jurisdictions, however, courts have concluded that consent does not justify imposition of an illegal probationary period. In *Kupfer v. State*, 414 A.2d 907 (Md. App. 1980), for instance, a defendant consented to a five-year extension to his probationary period, and the "State argued that Kupfer's consent to the extension constituted a waiver of the maximum term of probation." *Id.* at 907. The appellate court disagreed and held that

---

[4]In this vein, the State also suggests that the Petitioner was apparently initially satisfied with the probationary period and did not appeal the circuit court's decision to grant his Rule 35(b) motion for reduction of sentence or otherwise challenge the sentence.

where the aggregate period of probation is statutorily limited to five years, a court acts beyond its statutory power by extending probation.[5]  The appellate court in *Kupfer* emphasized that the statute states, "in clear and unambiguous language, that the aggregate period of probation which a court may impose upon entering a judgment of conviction cannot exceed five years." *Id*. at 908.  A "court's authority to suspend the execution of sentence and to place a defendant on probation derives directly from the statute which strictly delineates its power in this respect." *Id.*  "Thus, when the trial court extended appellant's probation beyond the five-year maximum period, it was acting beyond the statutory power granted to it.  That Kupfer consented to the extension in no way validated the court's action for the statutory maximum probationary period may not be enlarged by assent." *Id.* at 909.

Similarly, in *State v. Duncan*, 514 P.2d 1367 (Or. Ct. App. 1973), the trial court had extended the defendant's probation for an additional four years subsequent to the first four-year probationary period, where the statutory maximum probationary period was five years. *Id*. at 1369.  The appellate court reversed, explaining that the "validity of the 1973 order revoking probation and executing sentence depends in turn upon the authority of the court in 1970 to extend probation for an additional four years or for seven years' probation

_____

[5]Subsequent to the *Kupfer* decision, the Maryland statute was amended to permit probation extension beyond five years for purposes of restitution if a defendant consents. West Virginia has no statutory authority for such an extension.

8

in the aggregate."[6]  *Id*. at 1368.  In overturning the second probationary period, the court

reasoned that "assent, however, cannot confer authority."  *Id*.  "[T]he sentencing authority

exists by virtue of statutory grant and cannot be exercised in any manner without specific

statutory authority."  *Id.*  The court explained that the terms of the statute "bespeak a

legislative policy that a person convicted of crime not be subjected for more than five years

to the threat of incarceration for violation of the terms of probation by revocation

proceedings."  *Id*. at 1369; *see also Commonwealth v. Griffin*, 942 S.W.2d 289, 293 (Ky.

1997) (Stumbo, J., dissenting) (recognizing that when defendant is offered either extension

of probation or imprisonment, "[n]o defendant in his right mind, when faced with this

Hobson's choice, would choose imprisonment" and that permitting a defendant to waive

statutory probation limits would in essence write "the five-year limit out of the statute.")


Similarly, we are unpersuaded by the State's characterization of the second

five-year period as a new and independent sentence of probation, rather than a statutorily

impermissible extension of the first period of probation.  This contention is inconsistent with

the rationale of courts assessing impermissible imposition of periods of probation.  In *State

v. Quintana*, 987 P.2d 811 (Ariz. Ct. App. 1999), for instance, the appellate court reasoned

---

[6]The court in *Duncan* mentioned seven years aggregate because only three years of the original four-year probationary period was served prior to a probation violation.  *Id.* at 1368.

9

that "[o]nce the [probation] violation was found, a court had the authority to increase the probation period *up to the statutory maximum*." *Id*. at 814 (emphasis supplied).

> If a defendant violates a term of probation, the trial court may revoke probation and sentence the defendant to imprisonment. . . . Thus, the court should also be allowed to impose the lesser sanction of increasing the period of probation imposed, *as long as the total probationary period does not exceed the maximum allowed by statute.*

*Id.* (emphasis supplied); *see also Donaldson v. State*, 505 A.2d 527, 531 (Md. 1986) ("A defendant has no cause to complain if all his probationary periods, taken together, are within this maximum.").


In *Christian v. State*, 489 A.2d 64 (Md. Ct. Spec. App. 1985), the Court of Special Appeals of Maryland explained that federal and state statutes have delineated a specific time limitation on periods of probation which may be imposed. "Authorities suggest . . . that rehabilitation is not necessarily achieved by very lengthy terms of probation." *Id*. at 68. "If rehabilitation is to occur, it is thought that it will do so within a relatively short period of time. *See, e.g.*, National Commission on Reform of Federal Criminal Laws, Final Report, § 3105 comment at 282 (1971). *See also*, ABA Standards Relating to Sentencing Alternatives and Procedures § 2.3(b)(ii)." *Christian*, 489 A.2d at 68. In construing these statutory limitations, courts have summarily rejected "consecutive periods of probation or extensions of probation that go beyond the five-year maximum." *Id.; see also Fox v. United States*, 354 F.2d 752 (10th Cir. 1965); *Gonzales v. State*, 608 P.2d 23 (Alaska 1980), *People*

*v. Wakefield*, 207 N.W.2d 461 (Mich. Ct. App. 1973); *State v. Baca*, 562 P.2d 841 (N.M. App. 1977).

The State's attempt to present the second five-year period as a separate and distinct sentence of probation, rather than an extension of the first period of probation, is untenable. "That interpretation would permit, in effect, lifetime probation or probation of indefinite duration. It would do so because a judge, upon each revocation of probation, could impose a new probationary term of up to five years, *ad infinitum*." *Christian*, 489 A.2d at 68-69; *see also Duncan*, 514 P.2d at 1369 ("A contrary interpretation allowing five-year extensions or continuations of probation seriatim would allow the sentencing court to maintain an individual on probation indefinitely.").

While this Court acknowledges the general principle that sentencing decisions are properly within the realm of the trial court, an order which violates statutory restrictions is invalid. *See* Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997) (finding that sentencing matters are generally reviewed "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands."). Having examined the parties' arguments regarding imposition of the second five-year probationary period, we hold that pursuant to West Virginia Code § 62-12-11, a sentencing court exceeds its authority by imposing a sentence of probation beyond the statutory

11

limitation, rendering such sentence void. A defendant's consent to such sentence does not constitute waiver of the statutory time limitations. In this case, the circuit court's imposition of a second five-year probationary period was statutorily prohibited, and the order imposing such period of probation is void. While the circuit court did have jurisdiction over the petitioner and had the authority to grant his motion for a reduction of sentence, a second five-year probationary period was not an option.[7]

In his second assignment of error, the Petitioner asserts that his first period of probation was improperly revoked in March 2016 based upon the absence of evidence that his failure to pay restitution was willfully disobedient and that he was capable of paying restitution without undue hardship. Resolution of issues surrounding probation revocation is within the discretion of a trial court. *See* Syl. Pt. 1, in part, *Duke*, 200 W.Va. at 356, 489 S.E.2d at 738 ("We review the decision on the probation revocation motion under an abuse of discretion standard[.]"). The Petitioner admitted his failure to pay restitution, did not raise any financial hardship or other excuse for failure to pay, and actually appeared at the hearing

---

[7]The State maintains that the Petitioner should have filed a Rule 35(a) motion challenging the legality of his sentence. *See* W. Va. R. Crim. P. 35(a) ("The court may correct an illegal sentence at any time."); *see also State v. Tex B.S.*, 236 W.Va. 261, 264, 778 S.E.2d 710, 713 (2015) (same). While the Petitioner certainly would have been entitled to address the illegal sentence in that fashion, we find that West Virginia Code § 62-12-11 prohibited the circuit court from imposing another five-year probationary period, and this Court can not permit that illegal sentence to stand. *See People v. Heredia*, 122 P.3d 1041, 1049 (Colo. App. 2005) ("Indeed, a court may correct an illegal sentence sua sponte. *See Guerin v. Fullerton*, 154 Colo. 142, 144, 389 P.2d 84, 85 (1964)").

with a check for $53,748.40. We find no error in the circuit court's decision to revoke probation for failure to pay restitution. That decision represented an appropriate exercise of judicial discretion, and the probation violation was uncontested. Although the Petitioner emphasizes the absence of explicit circuit court findings regarding whether his failure to pay restitution was contumacious, it is apparent that inclusion of such findings was not necessary where the Petitioner admitted to the violation and agreed to revocation based upon his failure to properly pay restitution. We consequently find no merit in the Petitioner's second assignment of error, and we hold that probation was properly revoked in March 2016.

## IV. Conclusion

Based upon the foregoing analysis, this Court does not disturb the circuit court's March 2016 revocation of probation. As explained above, however, the restrictions of West Virginia Code § 62-12-11 prohibited the circuit court from imposing a second five-year probationary period. That order is therefore void. The initial five-year probationary period imposed for his petit larceny crime commenced on March 24, 2011. Thus, the maximum five-year probationary period would have ended on March 24, 2016. No additional period of probation could be imposed, pursuant to the limitations of the statute. This matter is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

13