IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2022 Term

_____

No. 20-0765
_____

**FILED**

**June 7, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Respondent,

v.

DAVID GILBERT RIFFLE,
Petitioner.

_____

Appeal from the Circuit Court of Braxton County
The Honorable Richard Facemire, Judge
Civil Action No. 19-F-5

AFFIRMED

_____

Submitted: April 5, 2022
Filed: June 7, 2022

M. Tyler Mason, Esq.                    Patrick Morrisey, Esq.
Hughart Law Office                      Attorney General
Sissonville, West Virginia              Lindsay See, Esq.
Counsel for the Petitioner              Solicitor General
                                        Katherine M. Smith, Esq.
                                        Assistant Attorney General
                                        Charleston, West Virginia
                                        Counsel for the Respondent

CHIEF JUSTICE HUTCHISON delivered the Opinion of the Court.

JUSTICE BUNN did not participate in the decision in this case.

JUSTICE WOOTON dissents and reserves the right to file a dissenting opinion.

## SYLLABUS BY THE COURT

1.        "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997).

2.        A circuit court does not violate a defendant's due process right to appeal when it corrects a sentence that is void ab initio by imposing a more severe punishment that comports with the penalty provided for in the applicable statute.

3.        "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

**HUTCHISON, Chief Justice**:

Following entry of Petitioner David Gilbert Riffle's guilty plea to one count of solicitation of a minor in violation of West Virginia Code § 61-3C-14b(b) (2016),[1] the circuit court misread the statute and erroneously sentenced petitioner to an indeterminate term of incarceration rather than a determinate term as provided for in the statute. Petitioner later appealed and, although his conviction was upheld, this Court reversed the sentencing order and remanded the matter for the limited purpose of correcting the illegal sentence. *See State v. Riffle*, No. 19-0843, 2020 WL 4355303 (W. Va., July 30, 2020) (memorandum decision). On remand, the circuit court imposed a sentence within the parameters of the statute but that petitioner contends amounts to a more severe sentence than the one originally imposed, in violation of his constitutional right to due process. Upon careful consideration of the parties' briefs and oral arguments, appendix record, and pertinent legal

---

[1] West Virginia Code § 61-3C-14b(b) provides:

> Any person over the age of eighteen who uses a computer in the manner proscribed by the provisions of subsection (a) of this section and who additionally engages in any overt act designed to bring himself or herself into the minor's, or the person believed to be a minor's, physical presence with the intent to engage in any sexual activity or conduct with such a minor that is prohibited by law, is guilty of a felony and shall be fined not more than $25,000 or imprisoned in a state correctional facility for a determinate sentence of not less than five nor more than thirty years, or both: *Provided,* That subsection (a) shall be deemed a lesser included offense to that created by this subsection.

1

authority, and for the reasons stated below, we find that petitioner's due process rights were not violated by the imposition of the corrected sentence and affirm the circuit court's order.

## I. Factual and Procedural Background

On February 5, 2019, petitioner was indicted by a Braxton County grand jury on twenty felony charges relating to the solicitation and use of obscene matter involving a minor.[2] Specifically,

> Petitioner, a forty-three year old adult male, using the screen name "davidg324", engaged in conversations on the Kik application (an application used for instant messaging) with an individual whom he believed to be a thirteen year-old girl from Minnesota from November 8, 2017, to December 8, 2017. The individual with whom petitioner messaged was actually a Homeland Security Agent, an adult over the age of majority.

*Riffle*, at *1. According to the criminal complaint, petitioner sent the individual whom he believed to be a thirteen-year-old girl approximately sixty photos "mostly of himself in various stages of dress ranging from his fire department uniform to shorts to partially nudes and nudity." Approximately twenty-six of the photographs were of petitioner's penis. Petitioner also requested pictures of the individual whom he believed to be thirteen years old, informing her that he "wouldn't tell or show anyone." Petitioner "planned to travel to

---

[2] Petitioner was charged with one count of solicitation of a minor via computer to travel and engage the minor in prohibited sexual activity, in violation of West Virginia Code § 61-3C-14b(b) (2016); one count of solicitation of a minor via computer, in violation of West Virginia Code § 61-3C-14b(a) (2016); and eighteen counts of use of obscene matter with intent to seduce a minor, in violation of West Virginia Code § 61-8A-4 (2016).

see the '13 year old female' on or about the second week of January, but because of scheduling issues could not make the trip." The criminal complaint further stated that petitioner "admitted to sending the pictures of his penis and having sexually based conversations with what [sic] he believed to be a 13 year old female."

Petitioner pled guilty on March 21, 2019, to one count of solicitation of a minor via computer to travel and engage the minor in prohibited sexual activity ("soliciting a minor"), in violation of West Virginia Code § 61-3C-14b(b),[3] and three counts of use of obscene matter with intent to seduce a minor, in violation of West Virginia Code § 61-8A-4 (2016).[4]

---

[3] *See* n.1, *supra.*

[4] West Virginia Code § 61-8A-4 provides:

> Any adult, having knowledge of the character of the matter, who knows or believes that a person is a minor at least four years younger than the adult, and distributes, offers to distribute or displays by any means any obscene matter to the person who is known or believed to be a minor at least four years younger than the adult, and such distribution, offer to distribute, or display is undertaken with the intent or for the purpose of facilitating the sexual seduction or abuse of the minor, is guilty of a felony and, upon conviction thereof, shall be fined not more than $25,000, or imprisoned in a state correctional facility for not more than five years, or both. For a second and each subsequent commission of such offense, such person is guilty of a felony and, upon conviction, shall be fined not more than $50,000 or imprisoned in a state correctional facility for not more than ten years, or both.

At the plea hearing, the circuit court ordered a pre-sentence investigation and set the matter for sentencing on May 7, 2019. However, petitioner failed to appear for sentencing, and the circuit court issued a capias and bench warrant for his arrest. It was later determined that petitioner had fled to South Carolina. He was apprehended and appeared before the circuit court on August 8, 2019, for sentencing.

At the August 8, 2019, sentencing hearing, the circuit court remarked that petitioner

> ha[s] failed to accept responsibility for the offenses for which you committed [sic].[5] I don't see any remorse. A matter of fact, during the interview for the pre-sentence investigation report, you didn't appear to remember anything. And you said that was because you were under the influence of drugs, in the matter. I

---

[5] According to the Forensic Psychological Evaluation of petitioner that was performed in connection with this case, petitioner

> [u]nderstood that he is accused of "supposedly texting someone who said they were under age." [He] asserted that he had no memory of the alleged acts. He stated that he would get high and "set and text people all over the world" and had no recollection of texting an underage girl or asking her about her sexual experiences. He stated that the past year was a "blur" to him. He does not know if it was drugs or a black out thing. . . . He claimed that his attorney has not reviewed the specific details of the accusations with him, but of what he knows of those accusations he remembers nothing and is "entirely a blank." He professed not to remember what he might have told police. Of the offenses he said he "can't see [himself] doing it."

The pre-sentence investigation report similarly noted that petitioner "has not accepted responsibility for the crimes for which he has been convicted and has expressed little remorse for the same."

seriously question that. In fact, the record shows that you were communicating electronically with somebody that you thought was a 13-year-old girl. Unfortunately for you, that was a federal agent. If you are under the influence you should have not been able to operate a computer, and should be able to have [sic] communicate [sic] effectively with an undercover officer, who was pretending to be a 13-year-old girl, and responding and enticing what you thought was a 13-year-old girl to meet you, and engage in sexual activity. You have a lengthy criminal history.[6] You've been offered opportunities previously, in the matter, but you failed to learn by your prior mistakes. Based upon what I believe is a serious drug addiction problem, based upon your lengthy criminal history, the antisocial attitude that you have, in the matter, based upon what I believe is a sporadic employment history, I believe there is a substantial likelihood that you will commit another crime if granted probation or conditional discharge. I believe you are in need of correctional treatment to be more effectively served in a correctional institution.

(Footnote added).

Although West Virginia Code § 61-3C-14b(b) provides for a *determinate* prison sentence of not less than five nor more than thirty years, the circuit court inadvertently imposed an *indeterminate* sentence of "not less than five (5) nor more than thirty (30) years in the penitentiary[.]"[7] For the offenses of use of obscene matter with the

---

[6] Petitioner's criminal history includes, among other things, guilty pleas to charges of assault, felony grand larceny, misdemeanor grand larceny, petit larceny, manufacturing marijuana, domestic assault, and violation of a protective order (two counts). Additionally, petitioner pled no contest to charges of petit larceny, battery (twice), and domestic battery.

[7] The written plea offer dated February 14, 2019, that was signed by petitioner, his counsel, and the prosecuting attorney, and the plea hearing order entered on March 27, 2019, correctly recounted that the penalty of imprisonment for a violation of West Virginia

Continued . . .

intent to seduce a minor, the circuit court ordered that petitioner be sentenced to a prison term of five years for each of the three counts. *See* W. Va. Code § 61-8A-4. The court ordered that the sentences "run consecutively for a total of not less than twenty (20) years nor more than thirty (30) years."

Petitioner subsequently appealed his convictions and sentences on several grounds including, relevant to this appeal, that he was ordered to serve an illegal sentence on the offense of soliciting a minor. Petitioner argued that the circuit court improperly sentenced him to an indeterminate sentence of five to thirty years of incarceration instead of a determinate sentence, as provided in West Virginia Code § 61-3C-14b(b). *See Riffle*, at *2-3. This Court agreed with petitioner that the sentence imposed was illegal, reversed the sentencing order, and remanded the matter to the circuit court for the exclusive purpose of "correct[ing] the sentencing order to a determinate sentence to comport with West Virginia Code § 61-3C-14b(b)." *Id.* at *3. Otherwise, petitioner's convictions were affirmed.[8]

_____

Code § 61-3C-14b(b) is "a determinate sentence of not less than five nor more than thirty years" in a state correctional facility.

[8] On appeal of his convictions and sentence, petitioner also argued that he entered into his guilty plea without being fully informed or fully understanding the potential penalty he faced, as required by Rule 11(c) of the West Virginia Rules of Criminal Procedure; that his sentence was so severe and disproportionate to the crimes committed so as to constitute cruel and unusual punishment; and that he was suffering from a mental disease or defect at the time the alleged crimes were committed such that a supplemental competency evaluation should have been conducted. *See Riffle*, at *2-3. As noted above, this Court affirmed petitioner's convictions and reversed and remanded the sentencing

Continued . . .

6

A re-sentencing hearing was conducted on August 24, 2020. Petitioner's counsel argued that there was "actually not a victim [of petitioner's crimes]. It was a Homeland Security officer in the State of Minnesota[,]" and "it's very unrealistic that [petitioner] ever would've traveled to Minnesota to meet with this young lady" because he did not have the financial resources to purchase a bus or plane ticket or a working vehicle that would have been able to transport him there. Petitioner personally addressed the court, stating that he took full responsibility for his actions; declaring that it was "only a one-time thing[;]"[9] and that "the real victims of this crime is [sic] my family and my – my kids and the people that I used to help as I – as I worked as a fire fighter and EMT." Petitioner sought the minimum sentence for the soliciting a minor charge and requested concurrent sentencing.

Prior to imposing the corrected sentence, the circuit court readily acknowledged its error in originally ordering petitioner to serve an indeterminate five-to-thirty-year term of incarceration. As it did during the initial sentencing hearing, the court then noted petitioner's failure to accept responsibility for his conduct; lengthy criminal history; the deliberate nature of the offenses; petitioner's anti-social attitude; and serious problem with drug addiction. According to the circuit court, petitioner "knew exactly what

order only with respect to the circuit court's error in ordering petitioner to serve an indeterminate prison term. *See id.* at *3.

[9] In fact, petitioner exchanged text messages with the Homeland Security officer whom he believed to be a thirteen-year-old girl for approximately one month.

he was doing. . . . he was soliciting sexual relationships with a minor girl. And the fact that it happened to be an undercover officer doesn't mitigate or justify the acts for which [sic] the [petitioner] did." The circuit court further noted that while the presentence investigation report reflected that petitioner told the probation officer that he "didn't remember anything about [his criminal conduct], that he was under the influence of drugs and he didn't remember anything that happened[,] . . . . today, he seems to have some memory of what happened." Accordingly, the circuit court sentenced petitioner to a determinate thirty-year term in the penitentiary on the soliciting a minor charge and, as before, imposed sentences of five years each on the three counts of use of obscene matter with the intent to seduce a minor. The court ordered all of the sentences to run consecutively for a total of forty-five years in prison.

Petitioner thereafter filed a motion to correct illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure on the ground that the determinate sentence violated his constitutional right to due process. Petitioner argued that due process prohibits circuit courts from imposing a harsher punishment "'[u]pon a defendant's conviction at retrial following prosecution of a successful appeal . . . and the original sentence must act as a ceiling above which no additional penalty is permitted.'" Syl. Pt. 3, in part, *State v. Varlas*, 243 W. Va. 447, 844 S.E.2d 688 (2020) (*quoting* Syl. Pt. 1, in part, *State v. Gwinn*, 169 W. Va. 456, 288 S.E.2d 533 (1982)). *See also* Syl. Pt. 2, *State v. Eden,* 163 W. Va. 370, 256 S.E.2d 868 (1979) (holding that "[a] defendant who is convicted of an offense in a trial before a justice of the peace and exercises his statutory

right to obtain a trial De novo in the circuit court is denied due process when, upon conviction at his second trial, the sentencing judge imposes a heavier penalty than the original sentence. W. Va. Const. art. 3, s 10."). Petitioner argued that the imposition of the determinate thirty-year prison sentence for the offense of soliciting a minor amounted to a harsher punishment than the original indeterminate five-to-thirty-year sentence violating his absolute right to appeal and resulting in a chilling effect on other defendants who wish to appeal an illegal sentence.

By order entered on September 9, 2020, the circuit court denied petitioner's Rule 35(a) motion. The circuit court again acknowledged its "oversight and error" in originally sentencing petitioner on the soliciting a minor charge to an indeterminate sentence "when the statute called for a determinate sentence[,]" and explained that it had clearly intended, in the original sentencing order, "to sentence [petitioner] to the maximum allowable by law on all counts," including ordering all sentences to run consecutively. The court's order recounted that which it included in its previous sentencing orders in support of the sentences imposed.[10] The circuit court subsequently entered a sentencing order on September 15, 2020, from which petitioner now appeals.

---

[10] The circuit court's order also stated that the original and corrected sentences were otherwise consistent with each other. We note that petitioner's only challenge to the corrected sentencing order is that the determinate thirty-year term of incarceration is impermissibly harsher than the five-to-thirty-year indeterminate term originally imposed.

9

## II. Standard of Review

This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

## III. Discussion

Upon entry of petitioner's guilty plea to one count of soliciting a minor, the circuit court misread West Virginia Code § 61-3C-14b(b), which provided for a penalty of imprisonment of "a determinate sentence of not less than five nor more than thirty years[.]" Instead of imposing a definite term of incarceration that comported with the statute, the circuit court inadvertently sentenced petitioner to an indefinite term of five to thirty years. Petitioner's original sentence was illegal and, therefore, void ab initio. "[W]here the statute provides for a determinate sentence and an indeterminate sentence is imposed, such sentence is void." *State ex rel. Truslow v. Boles*, 148 W. Va. 707, 709, 137 S.E.2d 235, 236 (1964). *See State ex rel. Nicholson v. Boles*, 148 W. Va. 229, 234, 134 S.E.2d 576, 579 (1964) ("[A] sentence in a criminal case which is not imposed in strict conformity to the penalty prescribed by statute is . . . void.").

Following petitioner's successful appeal of his illegal sentence, the circuit court imposed a corrected sentence that conformed to the penalty prescribed by the statute, but which petitioner contends amounts to a harsher punishment. Petitioner argues that he instituted his initial appeal under the protection afforded by *Varlas*, which "guaranteed his

10

constitutional right to an appeal without 'fear that he [would] receive a heavier sentence on retrial[.]'" *Id.* at 451, 844 S.E.2d at 692 (quoting *Eden*, 163 W. Va. at 382, 256 S.E.2d at 875). According to petitioner, the circuit court's imposition of the harsher penalty upon remand will have "a chilling effect . . . on other defendants who wish to appeal an illegal sentence" and violated his right to constitutional due process.

The State counters that the prohibition on harsher punishments espoused in *Varlas* is not applicable to petitioner's case. Petitioner succeeded on appeal only as to the circuit court's error in imposing an illegal sentence and the matter was remanded for the limited purpose of correcting that sentence, resulting in the imposition of a legal sentence that was within the limits of West Virginia Code § 61-3C-14b(b). According to the State, because an illegal sentence is a void sentence that may be corrected at any time, the "chilling effect" on a defendant's constitutional due process right to appeal that sentence is not present. We agree.

In *Varlas*, the defendant was convicted of first-degree attempted sexual abuse and second-degree sexual assault. For the latter offense, he was sentenced to ten to twenty-five years in prison, which sentence was suspended in favor of five years' probation. 243 W. Va. at 449, 844 S.E.2d at 690. The defendant successfully appealed his convictions, and the case was remanded for a new trial. *See id.* The defendant was retried and reconvicted of the same offenses, and he was again sentenced to a ten-to-twenty-five-year prison term for the offense of second-degree sexual assault; however, the circuit court refused to suspend that sentence in favor of probation. *See id.* The defendant in *Varlas*

11

appealed the sentencing order on the ground that it "violat[ed] this Court's precedent prohibiting harsher penalties upon *reconviction* post-appeal[.]" *Id.* at 450, 433 S.E.2d at 691.

On appeal in *Varlas*, we reiterated our due process concerns relating to the imposition of harsher penalties following a successful appeal of a conviction:

> "When a defendant refuses to prosecute an appeal to which he is entitled by law for fear he will receive a heavier sentence *on retrial*, he has been denied his right to appeal. The decision not to appeal is the defendant's but the necessity of making the decision is forced upon him by the State. The State is in effect imposing conditions upon the defendant's right to appeal by telling him that he has the right, but that by exercising it he risks a harsher sentence.
>
> . . . .
>
> "Protection of the criminal defendant's fundamental right to appeal and avoidance of any possible vindictiveness in resentencing would force us to hold that upon a defendant's conviction *at retrial* following prosecution of a successful appeal, imposition by the sentencing court of an increased sentence violates due process and the original sentence must act as a ceiling above which no additional penalty is permitted."

*Id.* at 451, 452, 844 S.E.2d at 692, 693 (quoting *Eden*, 163 W. Va. at 382, 384, 256 S.E.2d at 875, 876) (emphasis added). We thus held in syllabus point three of *Varlas* that "'[u]pon a defendant's conviction at *retrial* following prosecution of a successful appeal, imposition by the sentencing court of an increased sentence violates due process and the original sentence must act as a ceiling above which no additional penalty is permitted.' Syllabus

12

Point 1, in part, *State v. Gwinn*, 169 W. Va. 456, 288 S.E.2d 533 (1982)." *Varlas*, 243 W.

Va. at 689, 844 S.E.2d at 689, syl. pt. 3 (emphasis added).

Thus, in *Varlas*, we reaffirmed that a defendant who succeeds in appealing

his *conviction* and is *retried* and *reconvicted* of the same offenses must be shielded from a

vindictive sentencing judge[11] and should not be forced to forego his right to appeal for fear

he will receive a more severe sentence if reconvicted in a new trial. Our due process

concerns, however, presupposed that the defendant's original sentence conformed to the

penalty provided for in the applicable statute and was, in that regard, a lawful, valid

sentence. Furthermore, in *Varlas*, we found there to be error in the conviction thereby

warranting a new trial that resulted in a reconviction. Those circumstances are not present

---

[11] Vindictiveness in resentencing refers to retaliation against a defendant for having successfully challenged his conviction:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

*North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), overruled by *Alabama v. Smith*, 490 U.S. 794, 795 (1989) (holding that "no presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and the second [increased] sentence follows a trial" after the defendant succeeds in having his guilty plea vacated). Because petitioner affirmatively states that he does not believe that the sentencing judge acted vindictively in imposing the corrected sentence, we do not address whether there was any likelihood that vindictiveness played a part in the imposition of that sentence. *Accord Varlas,* 243 W. Va. at 451, 844 S.E.2d at 692 (declining to address vindictiveness "because it is not implicated on these facts, nor has Mr. Varlas argued that it is").

here. In petitioner's initial appeal, we upheld his plea agreement and reversed only the sentencing order because the circuit court mistakenly imposed an *illegal* sentence by ordering that petitioner serve an indeterminate rather than a determinate sentence in conformity with the statute. *See Riffle* at *3.

As a rule, an illegal sentence is a void sentence and "being a nullity, may be superseded by a valid sentence[.]" *State ex rel. Rucker v. Boles*, 149 W. Va. 190, 192, 139 S.E.2d 265, 267 (1969). Petitioner's void sentence, having no legal effect, "created no rights and neither impaired nor affected any right." *State v. Babbel*, 813 P.2d 86, 88 (Utah 1991). Thus, the circuit court's correction of that sentence "stands on a different footing from the correction of an error in a conviction." *Id.* Indeed, although petitioner's illegal sentence came to light through his appeal to this Court, we "simply recognized in effect the clear power of the trial court to correct an illegal sentence, irrespective of the appeal. The trial court has this power at any time, whether before or after an appeal, and even if there is no appeal." *Id. See* W. Va. R. Crim. P. 35(a) ("The court may correct an illegal sentence at any time . . . ."). Furthermore, pursuant to Rule 35(a), an illegal sentence may

14

be corrected at the behest of not only the defendant, but also the State[12] or circuit court.[13] We are unaware of any legal authority prohibiting a circuit court from correcting an illegal sentence where the lawful sentence to be imposed is a more severe punishment. To the contrary, "[a]n increase in sentence where the original sentence is void is the 'most common exception to the general rule prohibiting enhancement of an imposed sentence.'" *Cline v. State*, 571 So.2d 368, 369-70 (Ala. Crim. App. 1990). *See Safrit v. Garrison*, 623 F.2d 330, 332 (4th Cir. 1980) ("It is clear, of course, that a void or illegal sentence may be corrected, even though the correction may result in an increase in the sentence."). *See also* Annotation, *Power of Court to Increase Severity of Unlawful Sentence-Modern Status*, 28 A.L.R.4th 147, 152 (1984) ("The rule followed by most jurisdictions is that an unlawful sentence is of no legal effect, allowing the court to correct the sentence by imposing lawful terms at any time the illegality is discovered, regardless of whether the correction involves an increase. . . ."). Ultimately then, the circuit court "did the only thing it could do in [petitioner's] case. He had not been sentenced, since no sentence permitted by law had been imposed upon him. Consequently, the [corrected] sentence[e] . . . was the first lawful sentence imposed upon him and did not in any fashion violate his right to due process[.]"

---

[12] *See e.g., State ex rel. Daye v. McBride*, 222 W. Va. 17, 20, 658 S.E.2d 547, 550 (2007) (State filed Rule 35(a) motion "to correct the sentencing order, contending that a life sentence was mandatory under [the applicable statute] …. [and] the judge entered an order which 'corrected' the initial sentence and ordered that the [defendant] be confined to a correctional facility for life pursuant to [the applicable statute]").

[13] *See e.g., State v. Cookman*, 240 W. Va. 527, 532 n.7, 813 S.E.2d 769, 774 n.7 (2018) (acknowledging that "a court may correct an illegal sentence sua sponte" (citations omitted)).

*Baker v. State*, 473 So.2d 1127, 1128 (Ala. Crim. App. 1984). *See also Reyes v. United States*, 262 F.2d 801, 801-02 (5th Cir. 1959) (holding that correction of an illegal sentence with a more severe sentence "does not violate the constitutional right of a convicted person"); *Babbel*, 813 P.2d at 88 (reasoning that "a defendant is not likely to appeal a sentence that is unlawfully lenient, and there is, therefore, minimal chilling effect on the right to appeal"); *State v. Koch*, 606 A.2d 875, 878 (N.J. Super. Ct. Law Div.1991) (holding that "it is not a violation of due process to resentence a defendant to a more severe sentence following a retrial, where the resentencing merely corrects a previously illegal sentence in order to comply with the original trial court's intentions").

Accordingly, we hold that a circuit court does not violate a defendant's due process right to appeal when it corrects a sentence that is void ab initio by imposing a more severe punishment that comports with the penalty provided for in the applicable statute.[14]

Finally, it is beyond cavil that "'[t]he Legislature has [the] power to create and define crimes and fix their punishment[,]'"[15] and that it is the circuit court's role to

---

[14] As have other courts, we do not foreclose the possibility that "'there may be circumstances under which even a corrected illegal sentence may be *fundamentally unfair* [and] thus violative of due process.'" *Babbel*, 831 P.2d at 88 (quoting *State v. Delmondo*, 696 P.2d 344, 346 (Haw.1985)) (emphasis added). However, we do not view petitioner's corrected sentence to fall within that exception.

[15] Syl. Pt. 2, *State v. Butler*, 239 W. Va. 168, 799 S.E.2d 718 (2017) (quoting Syl. Pt. 2, in part, *State v. Woodward*, 68 W.Va. 66, 69 S.E. 385 (1910)).

impose punishment within those parameters. As we have held, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). The circuit court was thus vested with the discretion to impose a sentence within the parameters of West Virginia Code § 61-3C-14b(b), and the court did precisely that. Further, petitioner does not contend that the lawful, corrected sentence was based on any impermissible factor. The circuit court informed the parties that it had originally intended to impose the maximum prison term allowed under the statute, including running all sentences consecutively, based upon petitioner's failure to accept responsibility for his crimes, lengthy criminal history, the deliberate nature of the offenses, his anti-social attitude, and serious problem with drug addiction. Because the circuit court acted well within its discretion in imposing petitioner's corrected sentence, we find no error in the sentencing order.

## IV. Conclusion

For the reasons stated above, we affirm the circuit court's September 15, 2020, order.

Affirmed.

17