# CHARLESTON.

GEORGE P. WILLIAMS *et al., Doing Business, etc. v.*
CARRIE H. IRVIN

(No. 5616)

Submitted May 18, 1926.     Decided May 25, 1926.

1. APPEAL AND ERROR—*Refusal of Writ of Error to Common Pleas Court by Circuit Court, on Ground That no Error is Perceived in Judgment, is Not Final Order to Which Writ of Error Will Lie (Code, c. 135, § 1; Acts 1917, c. 90, § 26).*

   The refusal of a writ of error to the Common Pleas Court of Cabell County by the Circuit Court of that County, on the ground that no error is perceived in the judgment, is not such a final order to which writ of error will lie from this Court. (p. 709.)

   (Appeal and Error, 3 C. J. § 420.)

2. SAME—COURTS—*Law and Rules Governing Appeals From Circuit Courts Govern Proceedings on Appeal, Writs of Error, or Supersedeas in Civil Cases From Common Pleas Court of Cabell County to the Circuit Court; Order Refusing Writ of Error is Not Final Unless Refused on Ground That Order or Judgment of Inferior Court is*

> *Plainly Right, or Period of Limitation Has Expired (Acts 1917, c. 90, § 26).*
>
> The law and rules governing this court in matters of appeals from circuit courts govern the proceedings on appeal, writs of error or supersedeas in civil cases from the Common Pleas Court of Cabell County to the Circuit Court of that County. An order refusing a writ of error is not final, unless refused on the ground that the order or judgment of the inferior court is plainly right, or the period of limitation for the writ has expired. (p. 710.
>
> (Appeal and Error, 3 C. J. §§ 420, 421 [Anno]; Courts, 15 C. J. § 418.)
>
> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Action by George P. Williams and another, partners doing business as Williams, Redden & Co., against Carrie H. Irvin, begun before a justice, to recover commissions. On appeal, the court of common pleas entered a judgment of nil capiat, and plaintiffs bring error.

*Writ of error dismissed.*

*Cyrus Van Bibber* and *J. Blackburn Watts,* for plaintiffs in error.

*J. W. Perry,* for defendant in error.

LIVELY, JUDGE:

Plaintiffs, George P. Williams and Calvin C. Redden, partners doing business as Williams-Redden and Company, obtained this writ of error to a judgment of nil capiat entered in the Common Pleas Court of Cabell County, on appeal from a justice, in a suit against defendant to recover a service charge of $300.00 for securing her a loan of $7,500.00 from the Mortgage Security Corporation of America.

Upon an examination of the record it is not clear that the circuit court has refused by a final order the application for writ of error to the judgment of the court of common pleas. An order is found in the record which describes the style of the case, and a notation following the style, of ''Upon Petition for a writ of error,'' on which is endorsed ''Filed September

8, 1925. G. R. Seamonds, Clerk, C. C. C. C." The clerk certifies that he is clerk of the circuit court and *ex officio* clerk of the common pleas court; and while the four letters "C. C. C. C." following his name would indicate that he endorsed that order as having been filed for entry in the circuit court, on its face the certificate of the clerk says that the order was made and rendered in the common pleas court at a regular term held on the 15th day of October, 1925. While this order may be construed as an order of the circuit court (although purporting on its face to be a common pleas court order), as it is not plausible that an application for a writ of error would be presented to the court which rendered the judgment, it appears from the face of the order that it is not final. It says: "This day this cause came on to be heard upon the petition of Williams-Redden and Company for a writ of error to be awarded it and was argued by counsel. And the Court seeing no error apparent from the record filed with and made a part of said petition is of the opinion to, and does hereby refuse to grant the writ of error as prayed for." No writ of error lies to this court except from a final order or judgment. Sec. 1, Chap. 135, Code.

Section 26, Chap. 90 of the Acts of 1917, relating to the procedure by which an appeal, writ of error or supersedeas may be obtained from the Court of Common Pleas of Cabell County to the Circuit Court of that County, provides: ". . . and the law and rules governing the supreme court of appeals of this state in the matter of appeals from the circuit courts, so far as applicable, shall govern the proceedings on appeal, writs of error or supersedeas to the circuit court from said common pleas court, except that all such matters shall be heard and disposed of without requiring the record to be printed." This case is governed by *Blumberg* v. *Snyder,* 90 W. Va. 145, 148, wherein it was said: "It may be observed that refusal of application to this court for appeal or error is not final, and the application may be renewed before limitation expires, unless the court deems the judgment, decree or order complained of plainly right and rejects it on that ground. Chap. 135, sec. 11, Code. This chapter, so far as

applicable, governs proceedings for writ of error from the court of common pleas to the circuit court of Kanawha County. See sec. 18, chap. 109, Acts 1915.'' The *Blumberg* case was followed in *Truslow* v. *Payne*, 90 W. Va. 149.

There having been no final order, we have no jurisdiction to examine and pass upon the merits of the case, because the writ of error was improvidently awarded and it must be dismissed for that reason.

*Writ of error dismissed.*