382 S.E.2d 588

**Bernard SMITH**

v.

**Jerry C. HEDRICK, Warden, West Virginia Penitentiary.**

No. 18667.

Supreme Court of Appeals of West Virginia.

July 20, 1989.

Mark G. Sergent, Spencer, for Bernard Smith.

Edward L. Bullman, Charleston, for appellee.

BROTHERTON, Chief Justice:

In this proceeding, Bernard Smith appeals the June 8, 1987, final order of the Circuit Court of Calhoun County, which denied his petition for a writ of habeas corpus.

Bernard Smith was found guilty of first degree sexual assault on March 13, 1985, and on April 26, 1985, he was sentenced to serve not less than ten nor more than twenty years in the State penitentiary. Smith orally advised the court that he wished to appeal his conviction and filed a written notice in May of 1985. On August 23, 1985, Smith filed an appeal from his conviction with the West Virginia State Supreme Court of Appeals. In an order dated November 20, 1985, this Court refused to hear his appeal.

Pursuant to W.Va.Code § 53–4A–1, Smith filed a pro se petition for post-conviction habeas corpus relief in the Circuit

Court of Calhoun County on November 24, 1986. At a hearing on this petition on January 6, 1987, counsel was appointed to assist Smith. An amended petition for post-conviction habeas corpus relief was filed on March 9, 1987, alleging seventeen assignments of error, ten of which Smith had included in his original petition for appeal to this Court. On May 19, 1987, the State moved for summary judgment on the ten issues which Smith previously raised in his petition for appeal.

At a hearing on June 8, 1987, arguments were heard on the seven new issues raised in Smith's amended habeas corpus petition. Thereafter, the circuit court granted summary judgment for the State, denying Smith the opportunity to present evidence or argument on the original ten issues in his petition. Smith's amended petition for a writ of habeas corpus was denied and he was ordered to serve the remaining portion of his sentence.

Smith now appeals from the circuit court's denial of habeas corpus relief. Chief among the assignments of error presented to this Court is Smith's contention that the trial court erred when it would not consider ten of his grounds for habeas corpus relief simply because they were presented to this Court in his petition for appeal. Smith argues that the summary denial of his petition for appeal by this Court was not a decision on the merits.

In its brief, the State concedes that the trial court erred in refusing to consider the ten grounds raised by Smith in his petition for appeal to this Court. However, the State argues that because we have accepted this appeal, we should now consider all the grounds for relief Smith raises therein.

■ We agree with Smith's assertion that the denial of his petition for appeal by this Court was not a decision on the merits precluding all future consideration of these issues. In *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court discussed at length the post-conviction habeas corpus statute, W.Va.Code § 53–4A–1 *et seq.,* finding that it:

> contemplates that every person convicted of a crime shall have a fair trial in the circuit court, an opportunity to apply for an appeal to this Court, and *one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated.*

*Id.* 166 W.Va. at 764, 277 S.E.2d at 609 (emphasis added). West Virginia Code § 53–4A–1(b) (1981) states that an issue is "previously and finally adjudicated" when, at some point, there has been "a decision on the merits thereof after a full and fair hearing thereon" with the right to appeal such decision having been exhausted or waived, "unless said decision upon the merits is clearly wrong."

In the case now before us, Smith was not permitted to argue all seventeen issues raised in his petition at his omnibus post-conviction habeas corpus proceeding because the circuit court concluded that ten of the issues were "finally adjudicated" when we denied his petition for appeal. However, in rejecting Smith's appeal on November 20, 1985, this Court did no more than refuse to docket his petition for appeal. West Virginia Code § 58–5–9 (1966), which addresses such rejection of a petition, states, in part, that "[i]n a case wherein the court shall deem the judgment, decree or order complained of plainly right, and reject it on that ground, no other petition therein shall afterwards be entertained...." In *Blackburn v. State,* 170 W.Va. 96, 290 S.E.2d 22 (1982), we noted that this statutory provision has been interpreted to mean that:

> a court's refusal to docket an application for appeal from the judgment of an inferior court is not a final judgment having *res judicata* effect unless the appellate court's rejection of the application for appeal specifically addresses the issues raised by the applicant and finds that the lower court's judgment is plainly right. *Williams v. Irvin,* 101 W.Va. 708, 133 S.E. 390 (1926), *Blumberg v. Snyder,* 90 W.Va. 145, 110 S.E. 544 (1922).

*Id.* 170 W.Va. at 100, 290 S.E.2d at 27. Furthermore, in *Knotts v. Moore,* 177 W.Va. 9, 350 S.E.2d 9 (1986), we emphasized "that a denial of [an] application for

an original writ in this Court is not to be construed as having some *res judicata* effect simply because there has been no adjudication of the underlying merits of the case in this Court." *Id.* 177 W.Va. at 11, 350 S.E.2d at 11. We then noted that "[t]his rule is similar to the rule in most jurisdictions which hold that a denial of a petition by an appellate court is not a decision on the merits." *Id.* (citations omitted).

Rule 7(a) of this Court's Rules of Appellate Procedure states that when a petition for appeal is rejected because the judgment or order is plainly right, no other petition for appeal shall be permitted. However, the rule also provides that "[i]f the petition for appeal is rejected on any other ground, or if no ground be cited in the rejection, the petitioner may renew the petition as many times as he desires during the period prescribed by law for presentation of petitions."[1]

Our November 20, 1985, order rejecting Smith's petition for appeal did not specifically address the issues raised therein. No grounds for rejection were cited in our order. Thus, Smith could have presented the same issues to this Court in a renewed petition. We believe the circuit court erred when it found that our rejection of Smith's petition for appeal was a final adjudication of the ten issues which precluded its own consideration of these issues at Smith's omnibus post-conviction habeas corpus proceeding.

■ The State contends that this Court should now address all the grounds for relief assigned by Smith. However, because Smith was permitted to argue only seven of his seventeen grounds for relief at the hearing below, we reverse the June 8, 1987, order of the Circuit Court of Calhoun County denying Smith's petition for habeas corpus relief and remand this case to the circuit court for a rehearing of all the issues raised in Smith's amended petition for post-conviction habeas corpus relief.

Reversed and remanded, with directions.

---

1. A similar method of handling original jurisdiction petitions is found in Rule 14 of the Rules of Appellate Procedure. If this Court decides not to grant a rule to show cause in a case in which it has original jurisdiction, Rule 14(b) states that "such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction, unless the Court specifically notes in the order denying a rule to show cause, that the denial is with prejudice." *See Knotts v. Moore,* 177 W.Va. 9, 350 S.E.2d 9 (1986).