# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Ferlin Heavener,
Petitioner Below, Petitioner

**FILED**

**September 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 15-0241 (Pendleton County 09-C-32)

Karen Pszczolkowski,[1] Warden,
Northern Correctional Center,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Ferlin Heavener, by counsel Brian J. Vance, appeals the Circuit Court of Pendleton County's March 9, 2015, order denying his petition for post-conviction habeas corpus relief. Respondent Karen Pszczolkowski, Warden, by counsel Zachary Aaron Viglianco, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his habeas petition because (1) his trial counsel was constitutionally ineffective and (2) the circuit court clearly erred in ordering him to pay restitution to the State of West Virginia.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1998, petitioner was indicted on sixty-one counts of third-degree sexual assault on five different male children; sixty counts of delivery of a Schedule I controlled substance (marijuana); and one count of first-degree sexual assault. In January of 1999, the circuit court held a plea hearing, and petitioner entered a guilty plea to twenty counts of third-degree sexual assault and five counts of delivery of a controlled substance. At that hearing, the circuit court specifically asked petitioner if anyone made any promises or threats to him related to his guilty plea other than what was contained in the written plea agreement. Petitioner clearly and

---

[1]In his underlying habeas petition, petitioner named David Ballard, Warden of Mount Olive Correctional Center, as the respondent because he was then incarcerated at that facility. Due to petitioner's relocation to Northern Correctional Center, we have substituted the name of Karen Pszczolkowski, Warden of Northern Correctional Center, for that of Mr. Ballard's name pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

unequivocally stated that he had not been promised anything nor threatened. He expressed that he was entering the guilty plea freely and voluntarily.

In April of 1999, petitioner was sentenced to twenty consecutive prison terms of one to five years for each count of third-degree sexual assault and five consecutive prison terms of one to five years for each count of delivery of a controlled substance. The prison terms for delivery of a controlled substance terms were ordered to run concurrently with the prison terms for sexual assault. Additionally, the circuit court ruled that petitioner "is ORDERED to make restitution and the State is hereby granted judgement against [petitioner] for treatment provided to one of the victims in this case in the amount of $144,164.16."

Thereafter, petitioner filed a motion for reduction of sentence. The circuit court denied the same, and, in 2007, this Court refused petitioner's appeal of that denial. In 2009, this Court reversed the circuit court's denial of petitioner's motion for re-sentencing for purposes of appeal. In his subsequent appeal, filed in 2010, this Court affirmed his conviction by memorandum decision. *See State v. Heavener*, No. 101231 (no Westlaw citation available) (W.Va. Apr. 1, 2011) (memorandum decision). One of the issues specifically addressed by this Court in that appeal was whether the circuit court erred in ordering petitioner to pay restitution. We found no error in the circuit court's restitution award. A petition for rehearing was later denied.

In 2011, petitioner again moved for reduction of sentence, which was again denied by the circuit court. On appeal, this Court affirmed the circuit court's order denying the motion for reduction of sentence by memorandum decision. *See State v. Heavener*, No. 11-1385, 2013 WL 513497 (W.Va. Feb 11, 2013) (memorandum decision).

The instant habeas petition was filed pro se in 2009. Thereafter, petitioner was appointed habeas counsel, who filed two amended habeas petitions in 2012 and 2013, respectively. In his second amended habeas petition, petitioner alleged eight grounds, including ineffective assistance of trial counsel and error in the sentencing court's order regarding restitution. With regard to the ineffective assistance claim, petitioner asserted that his trial counsel induced him to plead guilty by making promises (reportedly made by the prosecutor) that petitioner would (1) receive probation for the drug counts; (2) "most likely" receive concurrent sentences on the sexual assault counts; (3) serve his prison term at Huttonsville Correctional Center; and (4) receive assurances that the prosecutor would investigate and prosecute certain individuals whom petitioner claimed had previously sexually assaulted him. Petitioner further claimed to have accepted the guilty plea because of the prosecutor's threat to prosecute his father for alleged witness tampering. With regard to his restitution claim, petitioner argued that the sentencing court erroneously increased the victim's treatment costs by approximately $4,000; that petitioner had no ability to make such restitution payments "immediately," as ordered; and that restitution was improper because the victim did not undergo treatment due to petitioner's criminal acts, but instead was ordered to undergo treatment as part of the victim's own criminal conduct in an unrelated juvenile criminal proceeding.

In November of 2014, the circuit court held a two-day omnibus evidentiary hearing in this case. At that hearing, the circuit court heard arguments of counsel and testimony from petitioner, petitioner's brother, petitioner's trial counsel, prosecutors in the underlying criminal

proceedings, and other witnesses. By order entered on March 9, 2015, the circuit court denied petitioner's habeas petition. In its lengthy order, the circuit court addressed each of petitioner's grounds, including the grounds related to ineffective assistance of counsel and restitution, and found no merit to them. This appeal followed.

This Court reviews a circuit court order denying habeas relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Further, a habeas petitioner bears the burden of establishing that he is entitled to the relief sought. *See Markley v. Coleman*, 215 W.Va. 729, 734, 601 S.E.2d 49, 54 (2004) (noting that allegations must have adequate factual support for appointment of counsel, hearing, and/or issuance of writ); Syl. Pts. 1 and 2, *State ex rel. Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486, 487 (1966).

On appeal, petitioner first argues that the circuit court erred in denying habeas relief on his claim of ineffective assistance of trial counsel. With regard to claims of ineffective assistance of counsel, we have previously held that

> "[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Ballard v. Ferguson*, 232 W.Va. 196, 751 S.E.2d 716 (2013). Moreover, we have held that "'[o]ne who charges on appeal that his . . . counsel was ineffective . . . must prove the allegation by a preponderance of the evidence.' Syllabus Point 22, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syl. Pt. 4, *State ex rel. Kitchen v. Painter*, 226 W.Va. 278, 700 S.E.2d 489 (2010).

Here, petitioner claims that his trial counsel induced him to plead guilty by making promises to him regarding the outcome of his case (promises reportedly made by the prosecutor), as well as a threat that if he did not plead guilty the prosecutor would criminally charge his father with witness tampering. At the lengthy omnibus hearing, the circuit court heard the testimony from petitioner that these promises/threats were made as well as the testimony from petitioner's trial counsel and the prosecutor who denied petitioner's claims. The circuit court ultimately reasoned that petitioner's claims of promises and threats made by his trial counsel could not

outweigh his contemporaneous statements at the plea hearing that no such promises or threats were made. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Indeed, this Court has explained that "a trial court's credibility determinations are entitled to special deference." *Bartles v. Hinkle*, 196 W.Va. 381, 389, 472 S.E.2d 827, 835 (1996). Following a thorough review of the record on appeal, we find no error in the circuit court's assessment that no promises or threats were made to petitioner by his counsel, based on petitioner's own statements at the plea hearing that he was not promised anything or threatened. As petitioner's ineffective assistance claim rests upon this infirm factual contention, we find no merit to his first assignment of error.

Petitioner's second assignment of error is that the circuit court erred in denying his habeas petition on the ground that he was erroneously ordered to pay restitution to the State of West Virginia. In *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court discussed at length the post-conviction habeas corpus principal that every person is generally entitled to one habeas proceeding "at which he may raise any collateral issues which have not previously been fully and fairly litigated." *Id.*, 277 S.E.2d at 609 (emphasis added); *see also*, W.Va. Code § 53-4A-1. When a ground has been fully and fairly litigated and a decision rendered on the merits thereof, that decision is considered final and has a res judicata effect. *Smith v. Hedrick*, 181 W.Va. 394, 382 S.E.2d 588 (1989) (explaining that refusal to docket appeal does not have res judicata effect unless the appellate court "specifically addresses the issues raised by the applicant and finds that the lower court's judgment is plainly right").

In this case, petitioner previously raised the issue of restitution in his direct appeal to this Court in 2010, and this Court addressed that issue on its merits in its 2011 memorandum decision. In the 2011 memorandum decision, this Court found that the circuit court committed no reversible error in ordering petitioner to pay restitution in this matter. Therefore, it is clear that this Court previously decided the restitution issue after full and fair litigation in petitioner's direct appeal. As such, pursuant to our prior holdings regarding res judicata and habeas proceedings, we decline to address the matter further.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: September 19, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4