# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Yasser Abdelhaq,**
**Petitioner Below, Petitioner**

**vs.)**     **No. 20-0521** (Ohio County 19-C-196 MJO)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Yasser Abdelhaq appeals the March 30, 2020, order of the Circuit Court of Ohio County denying his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Lara K. Bissett, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2000, petitioner was indicted in the Circuit Court of Ohio County on one count of first-degree murder for the stabbing death of Dana Tozar ("the victim"). At a jury trial in August of 2000, petitioner was convicted of first-degree murder and sentenced to a life term of incarceration without the possibility of parole. Petitioner appealed his conviction in *State v. Abdelhaq* ("*Abdelhaq I*"), 214 W. Va. 269, 588 S.E.2d 647 (2003), and this Court vacated the conviction due to a defective indictment and remanded the matter. *Id.* at 274, 588 S.E.2d at 652. Shortly after this Court's decision in *Abdelhaq I*, petitioner contends that he filed in the circuit court, as a self-represented litigant, a "blue print" outlining his strategy for his second trial. In this "blue print," petitioner states that he "instructed counsel not to tell the jury he was guilty of murder

1

[in a second trial].”

Petitioner was indicted for a second time on one count of first-degree murder for the murder of the victim and was represented by attorneys Robert G. McCoid and John J. Pizzuti. At petitioner's second trial, he admitted to killing the victim and sought a conviction on the lesser-included offense of second-degree murder. Petitioner was again convicted of first-degree murder. In the bifurcated sentencing stage, the jury did not recommend mercy. Accordingly, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole. Subsequently, petitioner's second appeal to this Court was refused by order entered on May 25, 2005.

In 2006, petitioner filed his first petition for a writ of habeas corpus in the circuit court, raising the following fourteen grounds for relief: (1) Whether petitioner was denied effective assistance of trial counsel; (2) Whether the evidence was insufficient to support a conviction for first-degree murder; (3) Whether the introduction of autopsy photographs was more prejudicial than probative; (4) Whether petitioner was denied a right to a fair sentencing when the circuit court allowed the victim's family to testify during the second phase of the bifurcated trial as to their preference that he be denied mercy; (5) Whether the jury should have been instructed with regard to mitigating factors on which it could determine petitioner's eligibility for parole; (6) Whether the circuit court's refusal to suppress all evidence seized during a warrantless search of the motel room where the crime took place was erroneous; (7) Whether the admission of hearsay testimony was erroneous; (8) Whether the admission of photographs of the victim before her death, i.e. "life photographs," was erroneous; (9) Whether the circuit court's refusal to admit evidence of the victim's drug use was erroneous; (10) Whether the circuit court's refusal to admit evidence of a witness's past criminal history was erroneous; (11) Whether the inclusion of a jury instruction with regard to "transferred intent" was erroneous; (12) Whether the circuit court's failure to include a jury instruction defining the term "spontaneous," as it related to the issue of deliberation, was erroneous; (13) Whether the circuit court's jury instruction, instructing the jury that the use of a deadly weapon allows an inference of malice and intent to kill, was incomplete; and (14) Whether the circuit court's refusal to limit petitioner's cross-examination of a State's witness with regard to specific intent was erroneous. The circuit court denied the petition by order entered on March 22, 2006, without holding a hearing.

Petitioner appealed the circuit court's March 22, 2006, order denying his first habeas petition on May 3, 2006. By order entered on December 6, 2006, this Court "grant[ed] [petitioner's] petition for appeal." The Court did not reverse the March 22, 2006, order, but remanded the case to the circuit court "for the holding of an omnibus habeas corpus hearing on the issue of ineffective assistance of [trial] counsel." Upon remand, the parties litigated whether petitioner was barred from raising every issue set forth in the habeas petition except for ineffective assistance of trial counsel. Following a September 11, 2015, hearing,[1] by order entered on October

_____

[1]Litigation in petitioner's first habeas proceeding was protracted. As the circuit court explained in a December 29, 2016, order denying petitioner's first habeas petition, "[t]hough much has happened in the intervening years since this matter was remanded to [the] [c]ircuit [c]ourt by (continued . . .)

19, 2015, the circuit court ruled that petitioner was barred "from raising any claim other than his claim for ineffective assistance of [trial] counsel," finding that petitioner misinterpreted this Court's decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), setting forth principles governing the application of the doctrine of res judicata in habeas cases.

With regard to ineffective assistance of trial counsel, petitioner and both trial counsels testified at an August 2, 2016, omnibus hearing. Petitioner asserts that the issue of his strategy "blue print" for the second trial "was never settled" because "counsel state[d] they did not have a copy of the trial strategy." Nevertheless, Mr. McCoid testified unequivocally that petitioner understood "the full ramifications" of counsels' trial strategy of admitting that he killed the victim and asking for a conviction of second-degree murder and gave his consent. At several points during his testimony, Mr. McCoid addressed discussions the attorneys had with petitioner concerning the trial strategy, petitioner's understanding of the risks and benefits of such a strategy, and petitioner's consent to pursuing it. Having the benefit of seeing the State's theory of the case during the first trial, Mr. McCoid testified that they reevaluated the trial strategy since this "was not a case about whether [petitioner] had taken [the victim's] life," but was rather "about what his mental status was at the time that he did so." Mr. McCoid relied on portions of his opening statement where he admitted that petitioner killed the victim, but urged the jury to convict petitioner of second-degree murder due to the absence of premeditation. Based upon the opening, Mr. McCoid indicated during the omnibus hearing that

> [i]t is inconceivable that I would have given an opening statement in a first-degree murder case asking the jury to convict my client of second-degree murder without hav[ing] closely consulted with my client, discussed the minutia associated with that decision and obtained the full consent of my client in . . . advancing that defense.

Thereafter, by order entered on December 29, 2016, the circuit court rejected petitioner's ineffective assistance claim and denied the habeas petition.

Petitioner appealed the circuit court's December 29, 2016, denial of the habeas petition to this Court. However, petitioner did not challenge the court's October 19, 2015, order allowing him to raise only ineffective assistance of trial counsel at the omnibus hearing. In *Abdelhaq v. Terry* ("*Abdelhaq II*"), No. 17-0078, 2018 WL 6131283 (W. Va. November 21, 2018) (memorandum decision), this Court affirmed the circuit court's denial of the habeas petition. Relevant here, the Court found that "[a]side from [petitioner's] unsupported claims that he never agreed to the strategy to admit culpability and seek a second-degree murder conviction, the evidence obtained at the omnibus hearing overwhelmingly establishes that petitioner's trial counsel advanced this strategy with petitioner's consent and support." *Id.* at *3. Petitioner subsequently filed a petition

---

the Supreme Court of Appeals, the events are not relevant for [present] purposes."

for rehearing which the Court refused by order entered on March 7, 2019. On March 15, 2019, this Court issued its mandate, and the decision in *Abdelhaq II* became final.[2]

Petitioner filed his second habeas petition in the circuit court on August 12, 2019. In the habeas petition, petitioner argued that the circuit court erred in its October 19, 2015, order in *Abdelhaq II* by allowing him to raise only ineffective assistance of trial counsel at the omnibus hearing. Petitioner further argued that habeas counsel in *Abdelhaq II* was ineffective in failing to adequately argue to the circuit court that none of the fourteen issues set forth in the first habeas petition were adjudicated prior to the August 2, 2016, omnibus hearing. Accordingly, petitioner reasserted every issue from the first habeas petition in his second habeas petition.[3] With regard to ineffective assistance of trial counsel, petitioner argued that the United States Supreme Court's decision in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), represented a change in the law favorable to him. By order entered on March 30, 2020, the circuit court denied the second habeas petition, finding that petitioner's claims were adjudicated in the first habeas proceeding in *Abdelhaq II*. The circuit court rejected petitioner's claim that habeas counsel failed to adequately argue that none of the fourteen issues set forth in the first habeas petition were adjudicated prior to the August 2, 2016, omnibus hearing, due to a lack of support for the claim. Finally, the circuit court found that the United States Supreme Court's decision in *McCoy* did not represent a change in the law such that petitioner would be allowed to relitigate the issue of whether he consented to trial counsels' strategy of admitting that he killed the victim and asking for a conviction of second-degree murder.

Petitioner now appeals the circuit court's March 30, 2020, order denying his second habeas petition. This Court reviews a circuit court order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[2]Rule 26(a) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "an opinion of the Court or memorandum decision of the Court considering the merits of a case is not final until the mandate has been issued."

[3]In petitioner's second habeas petition, he raised one additional issue: that he was not read his *Miranda* rights before questioning in a custodial setting. Notwithstanding that conclusory allegation, petitioner failed to include factual allegations to support his contention. Therefore, we find that petitioner's claim based upon *Miranda v. Arizona*, 384 U.S. 436 (1966), was subject to summary denial. *See Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981) (finding that an assertion of a claim "without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing").

. . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the denial of petitioner's *second* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing . . . or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner argues that the circuit court erred in its October 19, 2015, order in *Abdelhaq II* in allowing him to raise only ineffective assistance of trial counsel at the omnibus hearing. Petitioner further argues that none of the fourteen issues set forth in the first habeas petition were adjudicated prior to the August 2, 2016, omnibus hearing because our December 6, 2006, order granting his first habeas appeal was not a decision on the merits pursuant to the Syllabus of *Smith v. Hedrick*, 181 W. Va. 394, 382 S.E.2d 588 (1989). Respondent makes the concession that, pursuant to *Smith*, none of the issues set forth in the first habeas petition, except for ineffective assistance of trial counsel, were adjudicated in *Abdelhaq II*. We decline to accept respondent's concession.[4]

In the Syllabus of *Smith*, we held that:

> [t]his Court's rejection of a petition for appeal is not a decision on the merits precluding all future consideration of the issues raised therein, unless, as stated in [former] Rule 7 of the West Virginia Rules of Appellate Procedure, such petition is rejected because the lower court's judgment or order is plainly right, in which case no other petition for appeal shall be permitted.[5]

---

[4]In Syllabus Point 8 of *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991), we held that this Court will accept a party's concession only after our own independent review of the issue.

[5]The present Rules of Appellate Procedure took effect on December 1, 2010.

5

181 W. Va. at 394, 382 S.E.2d at 588. We find that the Syllabus of *Smith*, which governs rejections of petitions for appeal, does not apply to this case because our December 6, 2006, order "grant[ed] [petitioner's] petition for appeal." *See Abdelhaq II*, 2018 WL 6131283, at *1 (stating that, in our December 6, 2006, order, "this Court *granted* petitioner *relief*") (emphasis added). While granting petitioner's first habeas appeal, we did not reverse the circuit court's prior denial of the first habeas petition, but remanded the case to the circuit court "for the holding of an omnibus habeas corpus hearing on the issue of ineffective assistance of [trial] counsel." *See Abdelhaq II*, 2018 WL 6131283, at *1 (stating that we "ordered the matter remanded for the holding of an omnibus hearing on the *limited* issue of ineffective assistance of trial counsel") (emphasis added). Upon remand from our December 6, 2006, order, the parties litigated the issue of whether petitioner could raise only ineffective assistance of trial counsel. By order entered on October 19, 2015, the circuit court ruled that petitioner was barred "from raising any claim other than his claim for ineffective assistance of [trial] counsel," finding that petitioner misinterpreted this Court's decision in *Losh* where we set forth principles governing the application of the doctrine of res judicata in habeas cases.

If petitioner believed that the circuit court erred in ruling that he was barred from raising any claim other than his claim of ineffective assistance of trial counsel at the omnibus hearing, the time for challenging that ruling was in *Abdelhaq II* because, "if an appeal is taken from what is indeed the last order disposing of the last of all claims as to the last of all parties, then the appeal brings with it all prior orders." *Riffe v. Armstrong*, 197 W. Va. 626, 637, 477 S.E.2d 535, 546 (1996), *modified on other grounds*, *Moats v. Preston Cty. Comm'n*, 206 W. Va. 8, 521 S.E.2d 180 (1999). The only issue petitioner raised in *Abdelhaq II* was ineffective assistance of trial counsel, and he failed to challenge the ruling that he was barred from raising his other issues. With the issuance of this Court's mandate in *Abdelhaq II*, all rulings therein have become final, and we no longer have jurisdiction of that case. W. Va. Rul. App. Proc. 26(a) (providing, in pertinent part, that the "[i]ssuance of the mandate terminates jurisdiction of the Supreme Court in an action before this Court"). Therefore, as the circuit court's ruling set forth in its October 19, 2015, order in *Abdelhaq II* is now final, we find that the circuit court did not err in finding that the issues petitioner reasserted in the second habeas petition were adjudicated in *Abdelhaq II*.[6]

Nevertheless, petitioner further argues that he is entitled to an omnibus hearing and appointment of counsel in his second habeas proceeding pursuant to Syllabus Point 4 of *Losh* based on alleged ineffective assistance of habeas counsel and a purported change in the law

---

[6]Respondent suggests that we remand this case to the circuit court with directions to make findings of fact and conclusions of law as to every issue petitioner raises except for ineffective assistance of trial counsel. However, respondent makes this suggestion based on the concession that none of the other issues set forth in the first habeas petition were adjudicated in *Abdelhaq II*. As we explained above, we decline to accept respondent's concession. Therefore, we find that the circuit court's correct finding that the issues petitioner reasserted in the second habeas petition were adjudicated in *Abdelhaq II* constituted a sufficient basis to support its denial of the second habeas petition.

favorable to him. We disagree and easily dispense with petitioner's ineffective assistance of habeas counsel claim pursuant to the following standard:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Here, we find that habeas counsel's performance was not deficient under an objective standard of reasonableness as the circuit court's October 19, 2015, order reflects that habeas counsel presented multiple arguments that the circuit court "could consider issues other than . . . ineffective assistance of counsel . . . on remand" from this Court's December 6, 2006, order. Therefore, we conclude that the circuit court properly found there was no support for the claim that habeas counsel in *Abdelhaq II* failed to adequately present this issue to the circuit court.

With regard to the other exception to the doctrine of res judicata allegedly applicable to this case, petitioner argues that the United States Supreme Court's decision in *McCoy* is a change in the law favorable to him, but fails to address whether *McCoy* "may be applied retroactively." Syl. Pt. 4, *Losh*, 166 W. Va. at 762-63, 277 S.E.2d at 608. Even if *McCoy* may be retroactively applied, it is arguable that the holding of *McCoy* does not extend beyond of the death penalty context. In *McCoy*, the Supreme Court held that "a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." 138 S.Ct. at 1505. The Supreme Court further stated that "[b]ecause a client's autonomy, not counsel's competence, is in issue," the test for determining ineffective assistance of counsel, set forth in *Strickland*, does not apply when a defendant objects to trial counsel's strategy of admitting guilt. 138 S.Ct. at 1510-11. Rather, the Supreme Court found that trial counsel's violation of the defendant's Sixth Amendment-secured autonomy is not subject to harmless error review. *Id.* at 1511.[7]

Assuming, arguendo, that petitioner could show that *McCoy* applies, the Supreme Court in *McCoy* distinguished that case from cases where the defendant "complain[s] about the admission of his guilt only after trial." *Id.* at 1509 (citing *Florida v. Nixon*, 543 U.S. 175, 185 (2004)). Here, we found in *Abdelhaq II* that, "[a]side from his unsupported claims that he never agreed to the strategy to admit culpability and seek a second-degree murder conviction, the evidence obtained at the omnibus hearing overwhelmingly establishes that petitioner's trial counsel advanced this

---

[7]The Sixth Amendment to the United States Constitution provides that a defendant is entitled to "the [a]sistance of [c]ounsel for his defence." In *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), the United States Supreme Court found that "the Sixth Amendment 'contemplat[es] a norm in which the accused, and not a lawyer, is master of his own defense.'" 138 S.Ct. at 1508 (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 382 n.10 (1979)).

strategy with petitioner's consent and support." 2018 WL 6131283, at *3. Therefore, we find that the instant case is factually distinguishable from *McCoy* and concur with the circuit court's finding that petitioner would be not allowed, pursuant to Syllabus Point 4 of *Losh*, to relitigate the issue of whether he consented to trial counsels' strategy of admitting that he killed the victim and asking for a conviction of second-degree murder. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's second habeas petition.

For the foregoing reasons, we affirm the circuit court's March 30, 2020, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 23, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton